**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **BROADVOX-CLEC, LLC,** | * | |
|     Plaintiff/Counter-Defendant, | * | |
| v. | * | Case No.: PWG-13-1130 |
| **AT&T CORPORATION,** | * | |
|     Defendant/Counter-Plaintiff. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

In a comprehensive Memorandum Opinion that disposed of the cross-motions for summary judgment on liability that Plaintiff/Counter-Defendant Broadvox-CLEC, LLC ("Broadvox") and Defendant/Counter-Plaintiff AT&T Corporation ("AT&T") filed, I concluded that AT&T must pay Broadvox end office switching charges on over-the-top calls it sends to a Voice over Internet Protocol ("VoIP") provider but does not have to pay end office switching charges or tandem switching charges on calls it sends to a prepaid calling card ("PPCC") platform provider. Mar. 31, 2016 Mem. Op. 44–45, ECF No. 119;[1] *see also* Mar. 31, 2016 Order, ECF No. 120. Broadvox alternatively sought to recover in *quantum meruit*. I concluded that the claim was moot to the extent that Broadvox had prevailed on its tariff claims for end office switching charges on over-the-top VoIP traffic. Mar. 31, 2016 Mem. Op. 42. Nor could Broadvox recover with regard to the PPCC services covered by the tariff. *Id.* As for the PPCC services not covered by the tariff, I concluded that Broadvox could not recover in *quantum meruit* because the filed rate doctrine proscribed Broadvox's claim. *Id.* at 43–44. On that basis,

---

[1] I set out the factual and procedural background of this litigation in that Memorandum Opinion.

I granted summary judgment in AT&T's favor on Count V of the Amended Complaint.[2] *Id.* at 45.

Now pending is Broadvox's Motion for Reconsideration of that portion of the Memorandum Opinion that addresses the *quantum meruit* claim. ECF No. 122.[3] It appears that Broadvox is concerned that "AT&T will not only be attempting to distinguish PPCC from Over the Top ('OTT') services, but will also attempt to argue that much of the OTT traffic also does not qualify for any compensation," and to prevent such a reduction in its anticipated recovery, it asks the Court to "reconsider its Memorandum Opinion and Order [to] permit Broadvox recovery under its *quantum meruit* theory for all traffic falling outside the Broadvox tariffs," or alternatively, to "hold this motion in abeyance until after the next damages phase of this proceeding as to any OTT traffic AT&T has argued is not covered by Broadvox's tariff." Broadvox's Mem. 1–2.

Rule 54(b) governs motions for reconsideration of orders such as the March 31, 2016 Memorandum Opinion and Order "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). It provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

---

[2] I also entered judgment in AT&T's favor on Broadvox's Communications Act claims, Counts II and III of the Amended Complaint because Broadvox failed to state a claim. I have scheduled a trial on damages for end office switching charges on over-the-top VoIP traffic. Trial also will address damages for tandem switching charges on over-the-top VoIP calls, for which AT&T does not contest its liability, but AT&T's payment of these charges is in dispute.

[3] The parties fully briefed the Motion. ECF Nos. 122-1, 130, 134. A hearing is not necessary. *See* Loc. R. 105.6. Broadvox filed its Motion, Memorandum in Support, and Reply under seal, without filing a motion to seal pursuant to Loc. R. 105.11. Broadvox may file a motion to seal within twenty-one days. Until then, the documents remain under seal. If Broadvox does not file such a motion, these documents will be unsealed at the end of that time period.

The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see also Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Packing. Co.*, No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard). A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order, including that there has been "mistake, inadvertence, surprise, . . . excusable neglect[,] . . . newly discovered evidence[,] . . . fraud . . . , misrepresentation, or misconduct"; that "the judgment is void" or "has been satisfied"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In keeping with these standards, this Court has held that "[a] motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." *Potter*, 199 F.R.D. at 552 n.1

(citations omitted). It "is not a license for a losing party's attorney to get a second bite at the apple." *Id.* at 552–53 (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988)). These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553).

Broadvox's motion does not meet even the more relaxed Rule 54 criteria for granting a motion for reconsideration. Broadvox appears to argue that, should AT&T prove that the calls actually are not the OTT VoIP calls for which AT&T is liable, it would be unjust for it to be unable to recover damages for all of the OTT VoIP calls it identifies. And it also seems to perceive error in the fact that the Memorandum Opinion only "addressed *quantum meruit* recovery for PPCC traffic, but did not address *quantum meruit* recovery for other traffic that is not PPCC traffic." Broadvox's Mem. 2. But the reason that the Memorandum Opinion did not address *quantum meruit* recovery for non-PPCC traffic was because AT&T already conceded liability for tandem switching charges on over-the-top VoIP calls, and I granted summary judgment in Broadvox's favor on liability for end office switching charges on over-the-top VoIP traffic. *See* Mar. 31, 2016 Mem. Op. 42. This mooted the *quantum meruit* claim with regard to the only non-PPCC traffic for which Broadvox sought to recover damages. *See id.*; Jt. Stmt. ¶¶ 7–8, Jt. Ex. 2, ECF No. 102-1 ("Broadvox's traffic falls into three categories: (i) 'over the top' . . . VoIP[] traffic; (ii) 'facilities-based' VoIP traffic; and (iii) . . . PPCC traffic. . . . The issues in dispute in this litigation relate to two of Broadvox's three categories of traffic: (i) 'over the top' VoIP traffic; and (ii) PPCC traffic."). Broadvox cannot amend its operative pleading, ECF No.

3, at this late juncture, and certainly not through a motion for reconsideration of a summary judgment order. Therefore, the Memorandum Opinion was not in error, and it would not be unjust to limit Broadvox's recovery to damages on the traffic that the parties already agreed is at issue.

Broadvox also states that it seeks "clarification with respect to the reasoning underlying this aspect of the Court's decision in the Memorandum Opinion." *Id.* at 7. According to Broadvox, "[i]t is unclear whether the Court denied Broadvox's request because it feels that the FCC [Federal Communications Commission] is the only appropriate forum to make such a request or whether the Court evaluated Broadvox's request in the light of the totality of the circumstances," and, "[i]f the Court did evaluate Broadvox's request based on the totality of the circumstances, it is unclear what exact facts it evaluated to reach its conclusion." *Id.* In Broadvox's view, a denial of recovery in *quantum meruit* "based on the totality of the circumstances . . . would be premature at this point." *Id.*

AT&T counters that Broadvox has not identified a basis for reconsideration "[b]ecause it points to no new evidence, no change in law, and no other factor in Rule 60(b)," and "[t]here is no clear error." AT&T's Opp'n 2–3. It insists that Broadvox only "rehashes arguments this Court already considered and rejected." *Id.* at 6. In AT&T's view, "[t]here are no facts which could be adduced at trial that would allow Broadvox to recover in *quantum meruit* what it cannot recover under its tariff and the FCC's rules." *Id.* at 10. AT&T contends that it was clear that "this Court did not and should not apply a 'totality of the circumstances test.'" *Id.* AT&T asserts: "Broadvox offers no support for the notion that an inability to prove damages under one cause of action gives rise to a separate, alternative cause of action." *Id.*

In its Reply, Broadvox asks, for the first time, for "the Court [to] refer the issue of *quantum meruit* damages to the FCC," if "the Court believes it cannot decide this issue," but not to do so until "after presentation of testimony during the damages phase of this proceeding has provided an adequate basis upon which Broadvox's claim can be evaluated with regards to the 'totality of the circumstances.'" Broadvox's Reply 10.

I agree that Broadvox does not identify any change in the law, clear error, or fraud, but rather reiterates and augments its summary judgment arguments. And the possibility of a more robust factual record at trial is not tantamount to new evidence: the trial evidence could have been presented on summary judgment. Insofar as Broadvox seeks clarification, instead of reconsideration, the Memorandum Opinion was clear that, if Broadvox could recover outside of its tariffs, it only could do so before the FCC. *See* Mar. 31, 2016 Mem. Op. 43–44.[4]

---

[4] The Memorandum Opinion provided:

The filed rate doctrine applies to "'the provisioning of services and billing,'" as well as rates and rate setting, because rates "do not exist in isolation." *Am. Tel. & Tel. Co.*, 524 U.S. at 223 (citation omitted). Thus, under the doctrine, courts lack the authority to "award damages that would effectively impose a rate different from that dictated by the tariff," as that "would usurp the FCC's authority to determine what rate is reasonable." *Bryan*, 377 F.3d at 430.

Here, Broadvox seeks to recover for services it provided that its tariffs do not cover. This Court cannot determine the rates associated with such services. *See Am. Tel. & Tel. Co.*, 524 U.S. at 222–23; *Bryan*, 377 F.3d at 430. . . . [The FCC] clarified that *Farmers II* "does not hold that a carrier is *always* entitled to some compensation for a service rendered, even if the service is not specified in its tariff." *All. Am. Tel. Co.*, 26 FCC Rcd. 723, ¶ 19 (emphasis in *All Am. Tel. Co.*). Rather, it "merely holds that a carrier *may* be entitled to some compensation for providing a non-tariffed service, depending on the totality of the circumstances." *Id.* (emphasis in *All Am. Tel. Co.*). Moreover, this observation in a footnote is not tantamount to a holding that carriers can recover in *court*, as opposed to before the Commission, for services they neglect to address in their tariffs or contracts with customers. In light of the necessary "strict application" of the filed rate doctrine, I conclude that Broadvox cannot recover on its *quantum*

6

**ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is, this 27th day of September, 2016, hereby ORDERED that

1. Broadvox's Motion for Reconsideration, ECF No. 122, IS DENIED; and

2. Broadvox may file a Loc. R. 105.11 motion to seal its Motion, Memorandum in Support, and Reply, ECF Nos. 122, 122-1 & 134, within twenty-one days.  Until then, the documents remain under seal.  If Broadvox does not file such a motion, these documents will be unsealed at the end of that time period.

        /S/
Paul W. Grimm
United States District Judge

---

*meruit* claim in this Court.  *See Am. Tel. & Tel. Co.*, 524 U.S. at 222–23; *Bryan*, 377 F.3d at 430.